Michael Anthony Melendez
**Name and Prisoner/Booking Number**

ASPC - Winslow / Kaibab Unit
**Place of Confinement**

2100 S Hwy 87
**Mailing Address**

Winslow, AZ 86047
**City, State, Zip Code**

FILED ___ LODGED
✓ RECEIVED ___ COPY

APR 20 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Michael Anthony Melendez,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Monica Lopez,
(Full Name of Defendant)

(2) State of Arizona Adult Probation Department of the Superior Court in Pima County (Attorney, Tucson AZ),

(3) State of Arizona,

(4) _____,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-18-00182-TUC-JAS (PSOT)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

Jury Trial demanded

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Tucson, AZ

Revised 3/11/16                              1                              **550/555**

## B. DEFENDANTS

1. Name of first Defendant: Monica Lopez, individual and official capacity. The first Defendant is employed as: Senior Probation Officer - Field Services Div. - D.V. unit at State of AZ Adult Probation Department (Tucson, AZ)
   (Position and Title) (Institution)

2. Name of second Defendant: State of Arizona Adult Probation Department of the Superior Court in Pima County (Case mgt, Tucson, AZ). The second Defendant is employed as:
   as: State of AZ Adult Probation Department at Adult Probation Department (Case mgt).
   (Position and Title) (Institution)

3. Name of third Defendant: State of Arizona. The third Defendant is employed as: State of Arizona at State of Arizona.
   (Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 1st amendment right

2. Count I. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   During the time Plaintiff Melendez was on probation, Defendant Lopez was Plaintiff Melendez's probation officer. During this time, Defendant Lopez would make inappropriate comments regarding Plaintiff Melendez's place of worship, such as, "how did you end up with those people? That place is a cult." Defendant Lopez also criticized Plaintiff Melendez for attending. Defendant Lopez furthered her violation of Plaintiff Melendez's 1st amendment right by attacking Plaintiff Melendez's religious practices. Defendant Lopez made malicious statements, such as, "who are you to preach the word of God? I don't want you doing it." Plaintiff Melendez asked Defendant Lopez if any of his activities were illegal. Defendant Lopez replied, "I don't like it. I don't want you doing it, or I will violate you" (creating violate conditions of probation). Defendant Lopez spoke with Plaintiff Melendez's Domestic Violence therapist, Steve Marks, and admitted to Mr. Marks how she opposed Plaintiff Melendez's religious practices and wanted Plaintiff Melendez to cease. Mr. Marks in turn disclosed this information to Plaintiff Melendez. Due to Defendant Lopez abuse of authority, Plaintiff Melendez was coerced into giving up his ministry work and religious practice. Defendant Lopez's supervisors and the department knew of her conduct and allowed it to continue.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Claimant was unable to practice his religious beliefs. Claimant was forced to give up his ministry.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The violations occurred during time Plaintiff was not incarcerated. Institution remedies do not apply.

## COUNT II

1. State the constitutional or other federal civil right that was violated: 5th amendment right

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: force to self-incriminate

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   During the time Plaintiff Melendez was on probation, Plaintiff Melendez's probation officer, Defendant Lopez, attempted to coerce Plaintiff Melendez into a false, self-incrimination confession. Defendant Lopez accused Plaintiff Melendez of excessive drinking on multiple occasions, even though all urinalysis (UA's) were clean. Seeing many days of alcohol, and for being abusive to co-workers/other. Defendant Lopez, and her surveillance officer Casey (last name unknown), interrogated Plaintiff Melendez. During the interrogation, Plaintiff Melendez requested to have his attorney present. When Defendant Lopez denied the request, Plaintiff Melendez requested to speak with Defendant Lopez's supervisor, which was also denied. Defendant Lopez and her surveillance officer were very malicious and attacked Plaintiff Melendez. When Plaintiff Melendez declared his innocence, Defendant Lopez stated Plaintiff Melendez was a liar. Defendant Lopez told Plaintiff Melendez if he did not confess, Defendant Lopez would violate Plaintiff Melendez's probation. When Plaintiff Melendez refused to admit to false accusations, Plaintiff was sent into the Adult probation office's lobby, and was ordered to stay there until Plaintiff Melendez confessed. Defendant Lopez gave Plaintiff Melendez paper to write a confession. During the time Plaintiff Melendez was in the lobby, Defendant Lopez sent Officer Lewis (first name unknown) to speak with Plaintiff Melendez. Officer Lewis advised Plaintiff Melendez to write a "good" confession. (continued on page 4A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiff Melendez was punished by Defendant Lopez when Plaintiff Melendez refused to self-incriminate on false charges.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The violations occurred during time Plaintiff was not incarcerated. Institution remedies do not apply.

4

Officer Lewis stated if the confession was "good enough", Defendant Lopez would not violate Plaintiff Melendez's probation, but instead Defendant Lopez would work with Plaintiff Melendez. When Defendant Lopez understood Plaintiff Melendez would not confess to erroneous accusations, Defendant Lopez became furious and began to place sanctions on Plaintiff Melendez. Defendant Lopez told Plaintiff Melendez she was going to petition the court to make the sanctions permanent, as Defendant Lopez's authority only allows her to implement them for a limited amount of time. Defendant Lopez's supervisors and the Probation Department knew of Defendant Lopez's misconduct and allowed it to continue.

# COUNT III

1. State the constitutional or other federal civil right that was violated: 6th amendment right

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: Protection by confrontation clause.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On October 3rd, 2017 official court documents (pre-sentence report) was submitted to the court. In the document Defendant Lopez perjured herself with malicious intent against Plaintiff Melendez. Defendant Lopez committed perjury by knowingly and recklessly submitting an official document accusing Plaintiff Melendez of crimes, which were based on hearsay and double hearsay. Defendant Lopez committed this act to deceive the court and force the judge to rely on materially false or unreliable information when Plaintiff Melendez was being sentenced. Defendant Lopez submitted the perjurous documents 2 days prior to Plaintiff Melendez's sentence date. This document and information contained in it was not brought to Plaintiff Melendez or Plaintiff's attorney until Plaintiff was in front of the judge to be sentenced. The manner in which Defendant Lopez presented these new criminal accusations was not only unethical, but directly goes against the confrontation clause of the VI amendment.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Due to Defendant Lopez's deceitful actions, Plaintiff Melendez was unable to defend himself against new criminal accusations and against hearsay, depriving Plaintiff Melendez of his 6th amendment right. Due to Defendant Lopez's malicious acts, the court relied on materially false or unreliable information, and in turn, the court showed no impartiality towards Plaintiff during his sentence.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☑ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes ☑ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The violations occured during time Plaintiff was not incarcerated. Institution remedies do not apply.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

## Count IV

1. State the constitutional or other federal civil right that was violated: 8th amendment right
2. Count IV. Identify the issue involved: Cruel and unusual punishment
3. Supporting facts. State as briefly as possible the FACTS supporting count IV:

During the time Plaintiff Melendez was on probation, Plaintiff Melendez had to endure cruel and unusual punishment brought on by Defendant Lopez. Defendant Lopez was very cruel, malicious, wrongful, and reckless towards Plaintiff Melendez on numerous occasions.

Defendant Lopez recklessly ignored Plaintiff Melendez's severe mental health illness (combat related PTSD). Not only did Defendant Lopez ignore Plaintiff Melendez's need for help, but Defendant Lopez interfered with and caused delay to necessary medical evaluations, proper benefits, and care level.

In order to obtain the necessary medical treatment, Plaintiff Melendez was forced to motion the court to override Defendant Lopez's wrongful restrictions that prevented Plaintiff Melendez from obtaining the necessary medical treatment. The court granted the motion, meaning the court disagreed with Defendant Lopez's misconduct and decision making.

Defendant Lopez was very degrading and condescending towards Plaintiff Melendez. Defendant Lopez criticized Plaintiff Melendez's place of worship, and belittled Plaintiff Melendez for attending. Defendant Lopez stated Plaintiff Melendez's place of worship is a "cult", and did not want Plaintiff attending.

Plaintiff Melendez became ordained and lead his own ministry, and carried out duties as a Christian Pastor. Defendant Lopez coerced Plaintiff Melendez into giving up his religious practices by stating Defendant Lopez would violate Plaintiff Melendez's probation if Plaintiff Melendez continued to practice his beliefs. Plaintiff Melendez found his identity in his faith, and practicing his faith (which greatly included helping others) brought significant therapeutic value to Plaintiff Melendez's severe mental illness. When Defendant Lopez coerced

(5-a)

Plaintiff Melendez into giving up his religious practices, she also deprived Plaintiff Melendez of the source of his identity, as well as the source of therapy, which was very effective on Plaintiff Melendez's severe mental health symptoms. This brought Plaintiff Melendez great suffering and mental anguish.

Defendant Lopez further subjected Plaintiff Melendez to cruel and unusual punishment by bombarding Plaintiff Melendez with heavy restrictions that were outside the norm for what Plaintiff Melendez was sentenced to. Plaintiff was sentenced to a max term of 4 years of STANDARD probation. The restrictions enforced on Plaintiff Melendez by Defendant Lopez were as strict as an individual who was sentenced to Intensive Probation Services (IPS), and at times even harsher.

Plaintiff Melendez, who is an United States combat veteran, had never suffered from any prescription or alcohol abuse, nor has Plaintiff Melendez ever used any illegal substance. Plaintiff Melendez does not have any charges or accusations for anything related to said items. However, Defendant Lopez subjected Plaintiff Melendez to an excessive amounts of urinalysis (UA). Eventhough Plaintiff Melendez never missed an UA, or ever provided a dirty sample, Defendant Lopez maliciously continued to subject Plaintiff Melendez to these excessive testings, which contributed to a financial and very hardship.

Since Plaintiff Melendez was sentenced to Standard Probation, as opposed to prison or I.P.S., proves the court determined Plaintiff Melendez to be very low risk. However, Defendant Lopez motioned the court to place a G.P.S. monitoring device on Plaintiff Melendez. Defendant Lopez presented Plaintiff Melendez as a high risk based on a personal discrimination. Defendant Lopez then placed burdensome travel restrictions on Plaintiff Melendez, which were outside the norm. Even as time proved Plaintiff Melendez to be of

no threat, Defendant Lopez maliciously, wrongfully, and recklessly continued to abuse her authority and continued enforcing these unnecessary conditions well beyond the time limit defined by the Adult Probation Department's policy and code of conduct.

Defendant Lopez attempted to isolate Plaintiff Melendez by severely hampering Plaintiff Melendez's social life, to a level that is cruel and outside the norm. Defendant Lopez would implement unauthorized curfews with the intention of keeping Plaintiff Melendez in his home to be isolated. Defendant Lopez furthered this intent of isolating Plaintiff Melendez by stating Plaintiff Melendez was not to have anyone over, or even associate with anyone unless a background check was done on the individuals. When Plaintiff Melendez submitted names for a background check, Defendant Lopez would state their backgrounds were clean, but Plaintiff Melendez was still not allowed to associate with them. Defendant Lopez stated she personally was not approve of them. This forced isolation greatly aggravated Plaintiff Melendez's mental illness symptoms causing great suffering.

The previously mentioned G.P.S. monitoring device along with the very burdensome travel restrictions also contributed to Plaintiff Melendez's isolation. Plaintiff Melendez missed out on many activities with friends and was unable to meet others outside of his limited area.

When Defendant Lopez discovered Plaintiff Melendez was in an intimate relationship, Defendant Lopez confiscated Plaintiff Melendez's cell phone, and was told Plaintiff Melendez was unable to possess any phone, this furthering Plaintiff Melendez's isolation. Defendant Lopez continues abusive acts of forcing Plaintiff Melendez into isolation created high levels of depression in Plaintiff Melendez and greatly aggravated Plaintiff Melendez's severe mental illness symptoms, which brought on great suffering and mental anguish.

(5-c)

Defendant Lopez impeded on Plaintiff Melendez's progress by recklessly and wrongfully interfering with Plaintiff Melendez's work opportunities. Defendant Lopez's cumbersome travel limitations caused Plaintiff to turn down several career opportunities. Defendant Lopez also hindered Plaintiff Melendez's career opportunities by not allowing Plaintiff Melendez to possess a phone, making it very difficult to speak with a potential employer. Plaintiff Melendez was also seeking the assistance of a government agency (DES - Arizona @ Work) counselor, who was unable to communicate with Plaintiff Melendez to advise him of any leads or interviews. Defendant Lopez's interference to career search was outside the norm and was devastating to Plaintiff Melendez's career opportunities. Defendant Lopez would then threaten Plaintiff Melendez with violating his probation if Plaintiff Melendez was unable to secure employment.

After enduring an extended period of suffering, Plaintiff Melendez motioned the court to override certain restrictions Defendant Lopez subjected Plaintiff Melendez to. Defendant Lopez abused her authority to deceive the court in order to maintain the abusive authority over Plaintiff Melendez. Defendant Lopez did not stop at threatening Plaintiff Melendez with violations or committing acts that were in no way illegal or against probation conditions. Defendant Lopez, with the assistance of her supervisors and the Adult Probation Department, forced Plaintiff Melendez into violating conditions of probation, then punishing Plaintiff Melendez for these forced violations. The support of Defendant Lopez's supervisors and by the Adult Probation Office proves Defendant Lopez's supervisors and the Department knew of Defendant Lopez's abusive, wrongful, and reckless acts and condoned it.

In September 2017, Plaintiff Melendez was interrogated by Defendant Lopez and a Surveillance Officer (S.O.), Casey (last name unknown) for criminal

(5-D)

Christian ministry; Plaintiff Melendez lost his mental stability; Plaintiff Melendez lost graduate school education opportunity; Plaintiff Melendez lost his identity and self-worth; Plaintiff Melendez lost out on Veteran Hospital's inpatient treatment opportunity; Plaintiff Melendez lost irreplaceable, sentimental items; Plaintiff Melendez was unable to continue his trauma therapy; Plaintiff Melendez obtained a new prison record; Plaintiff Melendez was sentenced to an extended period in prison; Plaintiff Melendez is unable to seek proper medical care while incarcerated; Plaintiff Melendez endures pain and suffering during his incarceration.

5. Administrative Remedies: If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not: The violations occurred during time Plaintiff was not incarcerated. Institution remedies do not apply.

## Count V

1. State the constitutional or other federal civil right that was violated: 14th amendment right
2. Count V. Identified the issue involved: Right to due process
3. Supporting facts. State as briefly as possible the facts supporting count V.

Defendant Lopez's reckless, wrongful, and malicious acts completely disregarded Plaintiff Melendez's right to due process. Defendant Lopez grossly abused her authority in attempts to coerce Plaintiff Melendez into a false, self-incrimination confession, and to subject Plaintiff Melendez to cruel and unusual punishment.

This abuse forced Plaintiff Melendez to become unstable, choosing prison in attempts to escape the cruel treatment. Plaintiff Melendez should have never been in front of the judge in that capacity. Once Plaintiff Melendez was in front of the judge, Defendant Lopez furthered her malicious abuse of the legal process by knowingly and recklessly perjuring herself, by submitting materially false or unreliable information. This in turn forced the court to rely on this materially false or unreliable information. This caused the court to show no impartiality towards Plaintiff Melendez when sentencing him to prison.

Due process also gives Defendant Lopez the obligation to give a proper recommendation to the court based off of a complete and proper investigation of the situation. Defendant Lopez's reports and testimony shows her clear understanding and acknowledgement of Plaintiff Melendez's severe mental health condition. Based on the severity of Plaintiff Melendez's mental health condition, Defendant Lopez should have recommended treatment at the Veterans' Hospital.

Defendant Lopez's supervisors and the Adult Probation Department were well aware of the misconduct continuously demonstrated by Defendant Lopez. This was confirmed when Defendant Lopez's supervisors signed off on her false reports, and took part in destructing Plaintiff Melendez's right to due

was to deceive the court into showing no impartiality towards Plaintiff Melendez when being sentenced, which Defendant Lopez was successful in. Defendant Lopez furthered her attack on Plaintiff Melendez by recommending Plaintiff Melendez be sentenced to prison for the max time available, knowing the proper recommendation would have been further treatment at the Veterans' Hospital. This is proven to be a malicious attack by Defendant Lopez, and not a proper recomendation as Defendant Lopez's own reports and testimony shows Defendant Lopez is well aware of the severity of Plaintiff Melendez's mental illness.

Defendant Lopez's supervisors and the Adult Probation Department knew of Defendant Lopez's misconduct and allowed it to continue. Defendant Lopez's supervisor signed off on perjured documents, proving the knowledge of Defendant Lopez's supervisor and the Department.

1. Injury:

From the Defendant's reckless, wrongful, and malicious acts, Plaintiff Melendez was subjected to much suffering and abuse. The 8th amendment protects American citizens from cruel and unusual punishment. Defendant Lopez deprived Plaintiff Melendez of that right, with the assistance and knowledge of Defendant's supervisors and of the Adult Probation Department. This lead the further injuries to include mental health issues and other issues. Plaintiff abonormally surrendered his freedom, and in turn caused the following losses: Plaintiff Melendez lost an employment opportunity with significant salary; Plaintiff Melendez lost his house; Plaintiff Melendez lost Veteran affairs benefits; Plaintiff Melendez lost a officially certified P.T.S.D. service dog; Plaintiff Melendez lost his

(5-f)

accusations. During this interrogation, Plaintiff Melendez was denied access to an attorney or supervisor of Defendant Lopez. During the interrogation, Defendant Lopez was abusive and allowed her S.O. to be abusive as well. Casey, Defendant Lopez's S.O., made inappropriate comments, such as the sexual appeal of certain traits of Plaintiff Melendez. Plaintiff felt sexually harassed and believed it to be a sexual gesture made towards Plaintiff Melendez. Defendant Lopez, being the senior officer during the interrogation, was obligated to stop the abusive behavior committed by herself and Defendant Lopez's S.O.. Defendant Lopez's unwillingness to cease her malicious behavior, or that of her S.O., caused Plaintiff Melendez to suffer abuse outside the norm.

Defendant Lopez's barrage of abusive attacks followed by the constant threats of violating Plaintiff Melendez's probation and sending him back to prison, greatly aggravated Plaintiff Melendez's severe mental health conditions to a point Plaintiff Melendez was no longer mentally stable. Plaintiff Melendez's only option to escape the abuse and attacks by Defendant Lopez, her supervisors, and by the Adult Probation Department was to go to prison. Plaintiff was suffering so severely from these reckless, wrongful, and malicious attacks, Plaintiff Melendez chose going to prison over having freedom, which is outside the norm.

On September 12th, 2017, Plaintiff Melendez was taken into custody by Defendant Lopez. Plaintiff Melendez believed once he was in custody Plaintiff Melendez would be safe from Defendant Lopez's abuse and attacks. However, Defendant Lopez continued her attack on Plaintiff Melendez. Defendant Lopez perjured herself when Defendant Lopez knowingly submitted an official court document that contained materially false or unreliable information. Defendant Lopez's malicious intention

process, backed by the 14th amendment.

4. Injury:
Due to Defendant Lopez depriving Plaintiff Melendez of due process and the 14th amendment, Plaintiff Melendez went in front of the judge to be sentenced to prison. If the 14th amendment was honored, Plaintiff Melendez would have never been in front of the judge, or the very most would have been sentenced to proper medical treatment instead of prison. Due to this, Plaintiff Melendez suffered the following losses: Plaintiff Melendez lost an employment opportunity with significant salary; Plaintiff Melendez lost his house; Plaintiff Melendez lost veteran affairs' benefits; Plaintiff Melendez lost an officially certified P.T.S.D. service dog; Plaintiff Melendez lost his Christian ministry; Plaintiff Melendez lost his mental stability; Plaintiff Melendez lost graduate school education opportunity; Plaintiff Melendez lost his identity and self-worth; Plaintiff Melendez lost out on Veteran Hospital inpatient treatment opportunity; Plaintiff Melendez lost irreplaceable, sentimental items; Plaintiff Melendez was unable to continue his trauma therapy; Plaintiff Melendez obtained a new prison record; Plaintiff Melendez was sentenced to an extended period in prison; Plaintiff Melendez endures pain and suffering during his incarceration.

5. Administrative Remedies: If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not: The violations occurred during time plaintiff was not incarcerated. Institution remedies do not apply.

(5-I)

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff is suing the State of Arizona, Adult Probation Department (Pima), and Monica Lupe in her individual and official capacity. Plaintiff is seeking injunction relief. Plaintiff request court to order Defendants to retract statements on Oct. 2017 pre-sentence report. Plaintiff is also seeking relief for compensatory damages, punitive damages, nominal damages, and for pain and suffering. Plaintiff is seeking a total amount of $15,000,000 for these damages due to losses suffered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/16/2018
              DATE                                           SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6